# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD KISHBACH, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | No. 06-692 |
| | : | |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                                                             March 6, 2006
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* petition for writ of habeas corpus filed by Edward Kischbach ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner serving a sentence at the State Correctional Institution at Graterford, Pennsylvania, alleges that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, ineffective assistance of counsel, denial of his appellate right, and in violation of the double jeopardy provision. The Honorable Cynthia M. Rufe referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this petition be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner was convicted of various drug-related offenses in Luzerne County and was sentenced to an aggregate term of twelve (12) to twenty-four (24) years of imprisonment, plus probation, on March 27, 1996. *See Commonwealth v. Kishbach*, No. 1671 MDA 2002, mem. op.

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Petition for Writ of Habeas Corpus.

at 2 (Pa. Super. Ct. Sept. 3, 2003); *see also* Pet. Ex. G at 7-8. On May 1, 1998, Petitioner pled guilty to additional unrelated drug offenses and was sentenced to an aggregate term of one hundred and eighty (180) to three hundred and forty (340) months of imprisonment. *Id.* at G 8-9. Petitioner filed a motion for reconsideration of sentence, which the trial court denied on June 25, 1998. *Id.* at G 9. Petitioner, through appointed counsel, then filed an untimely notice of appeal on July 31, 1998; Petitioner did not pursue this appeal. *Id.*

On October 7, 2002, Petitioner, *pro se*, filed a petition for collateral relief pursuant to Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, et seq. *Id.* The PCRA court dismissed the petition as untimely. *Id.* Pennsylvania Superior Court affirmed the PCRA court's decision on September 3, 2003. *Id.*

On February 16, 2006, Petitioner filed the instant petition for writ of habeas corpus on the grounds that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, ineffective assistance of counsel, denial of appellate right and that his conviction was obtained by a violation of the protection against double jeopardy. This Court finds that this matter should be transferred to the Middle District of Pennsylvania.

## II. DISCUSSION

A. Transfer of Petition

A federal habeas corpus petition properly may be filed either in the district court for the district wherein the petitioner is in custody or in the district court for the district within which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d).[2] However, "[f]or the convenience of parties and

---

[2] 28 U.S.C. § 2241(d) provides:
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Although Petitioner in this case currently is incarcerated at Graterford Prison in the Eastern District of Pennsylvania, he was tried and convicted in Luzerne County located in the Middle District of Pennsylvania. Consequently, records pertinent to the conviction under attack herein are maintained in and more accessible to the Middle District Court. Also, prior counsel and potential witnesses are likely to be located in the Middle District. Such considerations of convenience and justice warrant a transfer of this case to the Middle District for hearing and determination. *See* 28 U.S.C. § 1404(a).[3] Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 6th day of March, for the reasons contained in the foregoing report, it is hereby recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241(d). Based on this change in venue only, Petitioner has failed to show a denial of any constitutional right that would warrant a certificate of appealability. IT BE SO ORDERED.

                                              */s/ Carol Sandra Moore Wells*
                                              CAROL SANDRA MOORE WELLS
                                              UNITED STATES MAGISTRATE JUDGE

---

within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

[3] 28 U.S.C. § 1404(a) states:
    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.